BOWLES, Adm'r, Office of Price Administration, v. HARRISON et al.
Civil Action No. 3711.

District Court, W. D. Pennsylvania.
June 19, 1945.

John A. Metz, Jr., Dist. Enforcement Atty., and Thomas F. Garrahan, Chief, Fuel and Consumer Goods Unit, Office of

Price Administration, both of Pittsburgh, Pa., for plaintiff.

Rose and Eichenauer and John Corcoran, all of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

The court, after due hearing upon complainant's prayer for a preliminary injunction, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. Since May 18, 1942, F. W. Harrison and E. W. Quinette, trading as the Harrison and Quinette Coal Company, a partnership, have been and are now engaged in the mining and merchandising of bituminous coal in the Western District of Pennsylvania, upon sale of which by them maximum prices are and have been continuously established by the Maximum Price Regulation 120.

2. Prior to October 27, 1942, the defendants gave notice to the Office of Price Administration that they proposed to sell crushed coal at run of mine prices under the appropriate section of Maximum Price Regulation 120, and proceeded forthwith to do so. Run of mine coal, crushed to desired size, under Regulation 120 could be sold for the price of run of mine coal.

3. From the first notice to the Office of Price Administration to July, 1943, defendants filed the monthly reports required by Section 1340.210 (a) (8) (iv) of Regulation 120. From July 1943 to the months of May and June, 1944, the defendants failed to file such monthly reports. In the months of May and June, 1944, the defendants filed the reports required, but did not file them for the succeeding months prior to September, 1944, since which time they have regularly filed such reports.

4. From the time of the notice to the Office of Price Administration, as set forth in Paragraph 2 supra, until July, 1943, the office of Solid Fuels Administration had furnished forms to defendants upon which to make said monthly reports. After the date last mentioned such forms were not available and defendants, after requesting such forms, and evidently acting under the misapprehension that such forms were required, failed to file the reports until the months of May and June, 1944, when forms were secured for those two months. Having no forms thereafter no reports were filed until September, 1944. During the periods when forms were unavailable defendants continued their applications therefor to the Office of Price Administration, through the Solid Fuels Administration or the Fuel and Consumer Goods Unit.

5. On September 11, 1944, defendants wrote the Office of Price Administration, Solid Fuels Price Branch, stating that they had not received forms for crushed coal reports for several months and requested a supply of them if still in use. To their request the Office of Price Administration replied by letter of September 15, 1944, by J. H. Reppert, Price Executive, Solid Fuels Price Branch, wherein, in substance, it was stated that no such forms were available, and that revision of them (forms) was contemplated. In addition to this information the letter said:

"We regret that we are unable to authorize any deviation from the application of the provisions of Section 1340.210 (a) (8) (iv) of the Regulation. Your application which has been assigned No. 13. will again be considered in full force, if reports are filed currently in conformity with the provisions of Maximum Price Regulation No. 120."

6. From September, 1944, defendants have filed monthly reports as required by said Regulation, and have also filed all reports which had not theretofore been filed.

7. The proof adduced herein does not establish any lack of good faith, or intent to defraud, on the part of defendants in failing to file the monthly reports required by Maximum Price Regulation No. 120, their failure in that respect being due to misapprehension of the scope and requirements of the statute.

### Conclusions of Law

I. Defendants, under Section 1340.210 (a)(8)(iv) of Maximum Price Regulation No. 120, were required to file reports of run of mine coal crushed under the Regulation on or before the 20th day of each month, and in event of failure to file such reports were not lawfully permitted to market coal crushed under Section 1340.210 (a)(8)(iv) at run of mine prices when such prices were less for such coal than the applicable maximum f.o.b. mine price.

II. The failure of the defendants to meet the requirements of the Regulation No. 120 not having been wilful, and the reports required by the Regulation hav-

ing been later filed with the consent of the Office of Price Administration, a preliminary injunction is not required herein.

■ III. The Office of Price Administration is not estopped from the subsequent enforcement of Maximum Price Regulation No. 120 by any failure of the Administration, or of any officer of the said Office of Price Administration, to enforce it.

### Discussion

In his complaint the Administrator has prayed for a preliminary injunction. He has asked, first, for an order upon defendants to file monthly reports for the period between August, 1943, to April, 1944, as required by Section 1340.210 (a)(8)(iv) of Regulation 120. The defendants voluntarily complied with this request before hearing.

■ The next prayer is for a mandatory injunction, directing defendants to file an application for a higher maximum price for crushed coal, as required by Section 1340.210 (a)(8)(iv). We doubt the power to make such an order. However, such an application is necessary if the defendants are to be allowed to sell crushed coal at the run of mine rate, and the requirement for it has been substantially met by defendants with the approval of the Administrator's Office. See Finding of Fact No. 5. One entitled to speak for the Administrator, J. H. Reppert, Price Executive, answering defendants' letter to the Administrator, accepted the application as though formally made. While possibly his action might be criticized as not in strict compliance with the Regulation, to hold it to be invalid would be to allow technicality to triumph over common sense. A useless request is not required by statute or O.P.A. Regulation.

The complainant further has requested a preliminary injunction by which defendants will be enjoined from selling coal in excess of the maximum prices established therefor by Maximum Price Regulation 120, or other regulation establishing maximum prices. It may well be claimed that defendants have not complied with Maximum Price Regulation 120. Even so, we have found that their failure to do so was not wilful. In fact their mistake, in view of the myriad forms necessarily used by the Government today, was quite natural. Their lack of concealment while the reports were not filed, and their prompt obedience to the regulation when informed

that forms were not required, and since, has convinced us that a similar situation exists in the instant case as was before the Supreme Court in Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754, in which that court held that the Emergency Price Control Act does not mandatorially require the issuance of an injunction even though violations of the Regulations have been proven, but where those violating the Regulations have acted in good faith.

The motion for a preliminary injunction will be denied.